UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CATHY SCHLABACH | CIVIL ACTION NO. 6:12-cv-02173 |
| VERSUS | JUDGE DOHERTY |
| MOTEL 6 OPERATING, L.P., ET AL. | MAGISTRATE JUDGE HANNA |

### SECOND
### *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

Defendants Motel 6 Operating, L.P. and Accor North America, Inc. removed this action from state court, arguing that this Court has jurisdiction because the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional threshold. The undersigned found that the amount in controversy requirement is satisfied, but the diversity of citizenship requirement is not satisfied. (Rec. Doc. 12). The undersigned afforded the parties an opportunity to submit a memorandum establishing the parties' citizenship. (Rec. Doc. 12). The defendants complied. (Rec. Doc. 13). The plaintiff did not file a memorandum within the allotted deadline.

The undersigned reviewed the defendants' submission but, again, cannot determine whether the parties are diverse in citizenship. Although a corporation is a citizen of the state in which it is incorporated and the state in which it has its

principal place of business,[1] a limited liability company is a citizen of every state in which any member of the company is a citizen,[2] and "the citizenship of a LLC is determined by the citizenship of *all* of its members."[3]  Therefore, the diversity analysis for a limited liability company requires a determination of the citizenship of every member of the company.[4]  If any one of the members is not diverse, the limited liability company is not diverse.  The defendants are also cautioned that diversity jurisdiction is evaluated as of the time of removal.[5]

Accordingly,

IT IS ORDERED that, not more than seven days after the date of this order, the defendants shall file a memorandum setting forth specific facts that support a finding

---

[1] 28 U.S.C. § 1332(c)(1).

[2] See, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[3] *Harvey v. Grey Wolf*, 542 F.3d at 1080.  [Emphasis added.]

[4] See, *Harvey v. Grey Wolf*, 542 F.3d at 1080; *Grupo Dataflux v. Atlans Global Group, L.P.*, 541 U.S. 567, 585, n. 1 (2004) (noting that courts of appeal have held that the citizenship of each member of a limited liability company counts for diversity purposes); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990) (holding that the citizenship of an unincorporated entity or association is based upon the citizenship of all of its members); *Randolph v. Wyatt*, No. 09-2020, 2010 WL 299257, at *1 (W.D. La. Jan. 19, 2010); *Miracle Ear, Inc. v. Premier Hearing Aid Center, L.L.C.*, No. 09-1691, 2009 WL 5198183, at *1 (W.D. La. Dec. 22, 2009).  See also *Wright v. JPMorgan Chase Bank, NA*, No. 09-cv-0482, 2009 WL 854644, at *1 (W.D. La. Mar. 26, 2009) ("If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be.")

[5] *Texas Beef Group v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000).

that the parties are diverse in citizenship. These facts should be supported with summary-judgment-type evidence. The defendants will be allowed five days to respond.

Signed at Lafayette, Louisiana, this 4th day of December 2012.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE